NOT DESIGNATED FOR PUBLICATION

No. 127,240

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIKAYLA WHEELER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed November 22, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Mikayla Wheeler appeals the revocation of her probation and the imposition of a modified sentence. Recognizing that the district court has the discretion to revoke her probation and require her to serve a modified sentence in this case, Wheeler filed a motion for summary disposition in lieu of briefs under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). In response to the motion, the State does not contest summary disposition of the issue raised by Wheeler and asks this court to affirm the district court's decision.

We granted the motion and proceeded to review the record on appeal to determine whether the district court abused its discretion. Based on our review of the record on appeal, we find that the district court did not commit an error of fact or law and that its

1

decision was reasonable. Finding no abuse of discretion by the district court, we affirm its decision.

FACTS

On December 29, 2021, the State charged Wheeler with one count of aggravated assault, two counts of battery, one count of theft, and one count of endangerment. On June 14, 2022, Wheeler pled guilty to felony aggravated assault, two counts of misdemeanor battery, and one count of misdemeanor endangerment. The State dismissed the theft charge as part of the plea agreement. Based on Wheeler's criminal history score of I, the district court imposed a 12-month prison term to be served consecutive to a 1-year jail sentence. Even so, the district court suspended the sentence and placed Wheeler on probation for 24 months.

Just a few months later, the district court issued a warrant for Wheeler's arrest for violating the terms of her probation in multiple ways. At a probation revocation hearing on October 17, 2022, Wheeler stipulated to violating the terms of her probation by submitting to a urinalysis that tested positive for methamphetamine, cocaine, marijuana, and alcohol. As a result, the district court found Wheeler in violation of the terms of her probation. Rather than revoke her probation, the district court modified the terms of her probation by requiring her to enter and successfully complete a residential treatment program.

On January 6, 2023, the district court issued a warrant for Wheeler's arrest for violating the terms of her probation by committing the offense of aggravated escape from custody. After being arrested, Wheeler pled guilty to one count of aggravated escape from custody based on her failure to return to the residential treatment program after being granted temporary leave to attend a parenting class. In addition, Wheeler also pled guilty to one count of failing to register as a violent offender.

2

At the probation violation disposition hearing held on January 4, 2024, the district court found Wheeler in violation of the terms of her probation after she admitted to committing new crimes. In recommending that Wheeler should serve her underlying sentence, the State pointed out that Wheeler had been unable to succeed on probation. In response, Wheeler's counsel requested that she be given another chance on probation. In the alternative, Wheeler requested that the sentence in this case be served concurrently with the sentence in the new case or that the underlying sentence be modified to a period of six months. Ultimately, the district court revoked Wheeler's probation and imposed the underlying sentence with a modification that the 12-month prison sentence and the 1-year jail sentence be served concurrently with each other.

Thereafter, Wheeler filed a timely notice of appeal.

ANALYSIS

On appeal, Wheeler argues that the district court erred by revoking her probation and sending her to prison rather than giving her another chance on probation or granting a greater modification to her underlying sentence. In her motion for summary disposition, Wheeler acknowledges that she violated the terms of her probation by committing new crimes.

Generally, once a probation violation has been established, the district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716(b) and (c) (requiring graduated sanctions before revocation in some cases). In exercising its discretion, the district court must act within the statutory framework enacted by the Kansas Legislature. See K.S.A. 22-3716. Judicial discretion is abused only if the act: (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). The party

3

asserting that the district court abused its discretion—in this case Wheeler—bears the burden of showing such abuse. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

In this case, the district court was not required to impose an intermediate sanction before revoking Wheeler's probation because she had committed new crimes while on probation. See K.S.A. 22-3716(c)(7)(C) (the district court may bypass sanctions and revoke probation if the offender commits a new felony or misdemeanor while on probation). In addition, K.S.A. 22-3716(b)(3)(B)(iii) authorizes a district court to order a defendant to serve their original sentence or "any lesser sentence" upon revocation. Here, the district court ordered Wheeler to serve a lesser sentence by ordering the underlying prison sentence and the jail sentence to be served concurrently rather than consecutively as originally imposed.

Without providing any argument or reasons, Wheeler conclusively asserts that the district court should have continued her probation or granted a greater modification. But the record shows that the district court found Wheeler in violation of the terms of her probation in multiple ways once before and ordered her to complete a residential program. Wheeler then failed to complete the residential program when she did not return after she was granted temporary leave to attend a parenting class. At the probation hearing, the State alleged that Wheeler had again violated the terms of her probation by committing new crimes, and Wheeler admitted committing two new crimes. Under these circumstances, the district court had the statutory authority to revoke Wheeler's probation and order her to serve the original sentence or any lesser sentence. See K.S.A. 22-3716(c)(7)(C); K.S.A. 22-3716(b)(3)(B)(iii).

The record shows that the district court gave Wheeler more than one opportunity to succeed on probation. Unfortunately, she failed to do so and continued to violate the terms of her probation. We conclude that based on the evidence presented at the probation hearing, the district court did not act unreasonably in revoking Wheeler's

probation or in requiring her to serve the modified sentence. Wheeler provides no support for her claim that the district court abused its discretion. We find no error of fact, law, or any indication that the district court acted unreasonably in revoking her probation. Accordingly, we affirm the district court's judgment.

Affirmed.